IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DUANE HAMILTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | |
| v. ) | No. 05-CR-86-JHP |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### ORDER

Before the Court is Petitioner Duane Hamilton's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Docket No. 70]; Respondent United States of America's Response in opposition [Docket No. 74]; and Petitioner's Reply [Docket No. 75]. For the reasons set forth below, Hamilton's Motion is DENIED without evidentiary hearing.

### BACKGROUND

In a three-count Superceding Indictment Duane Hamilton was charged with possession of firearms and ammunition after a felony conviction, possession of 50 grams or more of cocaine base with intent to distribute, and possession of firearms in furtherance of a drug trafficking crime. [Docket No. 5]. The Court appointed Assistant Federal Public Defender Michael Abel to represent Hamilton in this case. On May 4, 2006, Hamilton appeared before Judge H. Dale Cook to change his plea from not-guilty to guilty.[1] The Court reviewed with Hamilton the

---

[1] This case was randomly reassigned to the undersigned Judge by minute order on April 16, 2009. [Docket No. 71].

consequences of his decision to plead guilty and to waive a jury trial, including the minimum and maximum sentences he faced on each count. The Court also engaged in questioning to ensure that Hamilton's plea was knowing and voluntary. Additionally, in his plea agreement with the Government Hamilton stated that he was satisfied with Mr. Abel's representation of him. [Docket No. 12, at 18]. The Court accepted Hamilton's plea of guilty as to Counts Two and Three of the Superceding Indictment.

After Hamilton entered his guilty plea, but before sentencing, Mr. Abel left the Federal Public Defender's office. Peter Astor was appointed to represent Hamilton for the remainder of the case. Subsequently, Hamilton moved to withdraw his guilty plea. [Docket No. 24]. After holding two hearings on the motion, the Court found that Mr. Abel had "acted as capable and competent" in his representation of Hamilton. The Court denied Hamilton's motion to withdraw his guilty plea and sentenced him to a term of 322 months imprisonment, a sentence within the advisory guideline range.

Hamilton appealed and on December 18, 2007, the Tenth Circuit affirmed his conviction and sentence. The Circuit held that this Court had not abused its discretion in denying Hamilton's motion to withdraw his guilty plea. *United States v. Hamilton*, 510 F.3d 1209, 1217 (10th Cir. 2007). Further, the Circuit noted that although Hamilton claimed that he asked his attorney to file a motion to suppress evidence, he made no argument that his attorney was ineffective for failing to do so. *Id*. at 1215. The United States Supreme Court denied Hamilton's petition for a writ of certiorari on April 14, 2008. *Hamilton v. United States*, 128 S. Ct. (2008).

Hamilton timely filed the current Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 on April 13, 2009. The sole claim raised in his § 2255 is that his

2

counsel, Mr. Abel, was ineffective because Hamilton asked him to file a motion to suppress evidence obtained as a result of a search of Hamilton's vehicle and Mr. Abel did not.[2]  In response, the Government argues that Hamilton has not set forth any facts demonstrating that Mr. Abel's performance was deficient.  Specifically, the Government states that Hamilton has not even set forth an arguable basis for suppression of the evidence in question.  Further, the Government provides the affidavit of Mr. Abel, in which he states that there was "no non-frivolous basis to challenge the search that led to the discovery of the drugs and firearms." [Docket No. 74-2, at 1].

## DISCUSSION

### A.  The Applicable Standards

As an initial matter, the Court notes that the failure to raise an issue on direct appeal generally bars a petitioner from subsequently raising the same issue on collateral review pursuant to 28 U.S.C. § 2255 unless the petitioner can demonstrate "both good cause for failing to raise the issue earlier, and that the court's failure to consider the claim would result in actual prejudice to his defense," *United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004); *see United States v. Frady*, 456 U.S. 152, 167 (1982), or "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Nevertheless, the "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003). Because Hamilton only asserts an

---

[2] Although Hamilton lists two grounds in his Motion, it appears that both grounds are based on the fact that his counsel refused to file a motion to suppress.

ineffective assistance of counsel claim, he is not procedurally barred from bringing the claim in his § 2255 motion.

### 1. 28 U.S.C. § 2255

A petitioner is entitled to relief pursuant to § 2255, if he can prove that: (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

Unless the motion and the files and records of the case conclusively show that the movant is not entitled to relief, the court must hold an evidentiary hearing on the motion. 28 U.S.C. § 2255(b).

### 2. Ineffective Assistance of Counsel

Hamilton's claim of ineffective assistance of counsel are governed by the familiar two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 688-89 (1984). Specifically, Jones must demonstrate that: (1) the representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms; and (2) the deficient performance prejudiced the defense. *Id*. at 688-92.  Failure to establish either prong of the *Strickland* test will result in a denial of Hamilton's Sixth Amendment claims. *Id.* at 700. While ensuring that criminal defendants receive a fair trial, considerable judicial restraint must be exercised when applying the first prong of the *Strickland* test. As the Supreme Court cautioned in *Strickland*:

> Judicial scrutiny of counsel's performance must be highly deferential.  It is all too tempting for a defendant to second-guess counsel's assistance after conviction or

> adverse sentence, and it is all to easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.

*Id.* at 689. In addition, the Supreme Court indicated the conduct of counsel is "strongly presumed" to have been within the wide range of reasonable professional assistance. *Id.* The Tenth Circuit has indicated that before representation will be considered ineffective, it must have made the trial "a mockery, sham, or farce, or resulted in the deprivation of constitutional rights." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1537 (10th Cir. 1994); *see also Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th Cir.1997) (holding counsel's performance must have been "completely unreasonable, not merely wrong," to be constitutionally ineffective).

If the criminal defendant can prove deficient performance, the defendant must next prove prejudice, showing "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. The *Strickland* Court articulated the test as being whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The Court has since cautioned, however, that "an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective." *Lockhart v. Fretwell,* 506 U.S. 364, 369 (1993). The focus, therefore, should be on whether "counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Nix. v. Whiteside*, 475 U.S. 157, 175 (1986).

A court "may address the performance and prejudice components in any order, but need not address both if [petitioner] fails to make a sufficient showing of one." *Foster v. Ward*, 182

5

F.3d 1177, 1184 (10th Cir. 1999). Therefore, this Court examines Bertram's claims of ineffective assistance to determine whether he has adequately satisfied *both* prongs of the *Strickland* test.

**B. Hamilton's Claim**

Hamilton cannot show that his counsel's performance was deficient. In an unpublished decision, the Tenth Circuit stated that "[t]he district court is not required to hold an evidentiary hearing when a 2255 claim of ineffective assistance is based merely on conclusory allegations unsupported by specific facts." *United States v. Scott*, 7 F.3d 1046, 1993 WL 389463, *2 (10th Cir. 1993) (citing *Eskridge v. United States*, 443 F.2d 440, 443 (10th Cir. 1971)). Here, Hamilton offers nothing more than a conclusory allegation that Mr. Abel was ineffective. Hamilton does not support his claim with any facts or specific allegations. Also, Hamilton does not state why he believes there was a basis to challenge the search of his vehicle. Further, Mr. Abel's affidavit states that, based on the circumstances of the arrest, he could not find a legitimate basis to challenge the search. Accordingly, the Court finds that Hamilton cannot satisfy the first prong of *Strickland*, and his § 2255 Motion is denied without an evidentiary hearing.

## CONCLUSION

For the reasons stated herein, Hamilton's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Docket No. 70] is hereby DENIED.

IT IS SO ORDERED.

James H. Payne
United States District Judge
Northern District of Oklahoma